UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELIX ALVAREZ VARGAS,

      Plaintiff,

v.

US ATTORNEY GENERAL
PAMELA JO BONDI, U.S.
DEPARTMENT OF JUSTICE;
SECRETARY MARKWAYNE
MULLIN, U.S. DEPARTMENT OF
HOMELAND SECURITY; FIELD
OFF. DIRECTOR GARRETT RIPA,
U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,
MIAMI, FLORIDA; AND
WARDEN, FLORIDA SOFT SIDE
DET. FACILITY, OCHOPEE,
FLORIDA;

      Defendants,

Case No. 2:26-cv-1000-KCD-NPM

## **ORDER**

Petitioner Felix Alvarez Vargas is a non-citizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and an accompanying emergency motion for temporary restraining order (Doc. 4). The motion seeks "injunctive relief requiring Petitioner to be released from ICE's custody" or an injunction "requiring an Immigration Judge to complete a custody redetermination hearing within a time certain following issuance of

any such order." (Doc. 4 at 20.) Vargas also asks for "expedited consideration of [his] petition." (*Id.* at 1.)

Starting with the latter request, Vargas seeks expedited consideration because he will remain in unlawful detention until his claims are decided. While the Court is sympathetic to Vargas's plight and the issues he describes, here is the reality of the situation on the ground: the Court simply lacks the resources to expedite this case. This district has been inundated with nearly a thousand habeas corpus petitions in the last few months. The vast majority of claimants are, just like Vargas, alleging unconstitutional detention.

The Court is doing its level best to work through these cases as efficiently and effectively as possible. But "this is a district court—not a Denny's." *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring). And despite what Vargas might believe, his petition is not a simple, run-of-the-mill filing. He raises complex legal claims challenging the government's authority to detain him pending removal. Resolving this dispute requires grappling with nuanced issues of statutory interpretation and constitutional due process. The Court cannot simply snap its fingers and arrive at the outcome.

There is also a practical point to make here. When the Court is forced to stop reviewing the merits of these urgent petitions to read, consider, and draft orders resolving ancillary requests for speed—like the motion filed

2

here—the entire process slows down. Diverting our limited judicial resources to address motions to expedite paradoxically ensures that relief for everyone comes slower. The arithmetic of a crowded docket is unforgiving. We cannot put one case on a faster track without inherently and unfairly delaying the rest. Every time a petition is pulled out of order and moved to the front of the line, another petition—perhaps one filed earlier by someone suffering from an equally grave situation—inevitably gets pushed further back. In a landscape where so many litigants are seeking urgent relief, fairness requires managing the queue with an even hand, rather than allowing a motion to expedite to effectively penalize those who are patiently waiting their turn.

Vargas's request for immediate injunctive relief fares no better. To obtain a temporary restraining order or a preliminary injunction, the movant must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Immediate injunctive relief is an "extraordinary and drastic remedy, and [the movant] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016).

Vargas has not "clearly establish[ed] that he is likely to succeed on the merits." *Id.* He maintains that the Government is illegally holding him under 8 U.S.C. §1225. Yet two circuit courts have recently rejected his proposed reading of §1225. *See, e.g., Buenrostro-Mendez v. Bondi,* 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi,* No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026). Given these decisions, the Court declines to enter an injunction and grant Vargas essentially the full measure of relief he seeks in the habeas petition. Accordingly, the Motion for Temporary Restraining Order (Doc. 4) is **DENIED**, and the case will proceed to a review of the merits in due course.

**ORDERED** in Fort Myers, Florida on April 7, 2026.

Kyle C. Dudek
United States District Judge

4